UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY H. DOBY,

           Petitioner,

v.                                Case No. 2:02-CV-178-FTM-29DNF

JAMES V. CROSBY, JR.[1],

           Respondent.

_____/

## OPINION AND ORDER

This cause first came before the Court on Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Doc. #1) signed on April 8, 2002, later amended[2] on September 3, 2003 ("Amended Petition") (Doc. #16). Petitioner challenges a judgment of conviction entered on June 2, 1999, by the Twentieth Judicial Circuit Court in Charlotte County, Florida. The State filed a Response in opposition to the original Petition (Doc. #8), to which Petitioner filed a Reply (Doc. #10). Petitioner filed an Amended Petition, to which Respondent filed a Response in opposition (Doc.

---

[1]Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, James V. Crosby, Jr., the current Secretary of the Florida Department of Correction, is substituted as the proper party Respondent for Michael W. Moore.

[2]The initial Petition raised four claims: trial court error in admitting hearsay evidence, the State's failure to disclose favorable evidence in a timely manner, ineffective assistance, and trial court error in allowing inconsistent statements to be admitted. Petitioner submitted a proposed amended petition, which was stricken as it contained no certification of service upon Respondent. That proposed amended petition differed from the original in that it fleshed out the ineffective assistance claim(s) and included a memorandum in support. Petitioner then sought permission to amend and did so in September 2003, adding two new claims.

#21), relying upon the 18 exhibits (Doc. #9) originally filed in support of its position.   Petitioner filed a second Reply to Respondent's second Response (Doc. #22).   Upon   review of the Amended   Petition,   the   second   Response,   the   exhibits,   and Petitioner's second Reply, the Court determines that habeas relief should be denied for the reasons set forth below.

## I.

Petitioner was charged with and convicted of Burglary with Assault   and   Battery,   Aggravated   Battery,   and   Kidnaping.   (See Amended   Petition,   Doc. #16,   p.   2,   Exhibit   18   to   Doc. #9).   On direct   appeal,   the   Second   District   Court   of   Appeal   affirmed   the conviction and sentence without written opinion.   (Doc. #9, Exhibit 4).   Petitioner   next   filed   a   Rule   3.850   motion   asserting   four claims of ineffective assistance, the state's failure to disclose favorable   evidence,   trial   court   error   in   denying   the   defense's motion   for   continuance,   and   the   state's   failure   to   declare   a witness as adverse.   (Doc. #9, Exhibit 6).   The trial court denied the Rule 3.850 motion in a written opinion, and Petitioner appealed unsuccessfully.   (Doc. #9, Exhibits 9, 11-15).

In its Response to the original Petition, Respondent argued that   the   grounds   presented   were   too   vague   and   conclusory   to determine whether they were exhausted in the state courts, and the grounds   were   facially   insufficient   to   state   a   claim   for   federal habeas corpus relief.   In addition, Respondent argued that Ground

2

Four (trial court error regarding admission of inconsistent statements) was unexhausted and procedurally barred, and Grounds One (trial court error regarding admission of hearsay statements) and Four (above) failed to raise issues of federal constitutional magnitude. Finally, Respondent contended that Petitioner failed to meet the threshold requirements of 28 U.S.C. § 2254 (d) and (e). In his Reply to the first Response, Petitioner made clear his allegations of ineffective assistance of counsel and re-characterized all claims in terms of federal constitutional violations.

Petitioner sought and received permission to amend, and raised the following five grounds in the Amended Petition: (1) the trial court erred in admitting the victim's hearsay evidence under the excited utterance exception in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution; (2) the trial court erred in not dismissing the kidnaping count in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution; (3) whether a prior inconsistent statement is sufficient to sustain a conviction absent any other substantive evidence of guilt; (4) whether the Petitioner is innocent of the offense; and (5) defense counsel was ineffective for (a) failing to present a viable defense, and (b) failing to introduce favorable evidence for the defense before the jury. (Doc. #16).

A comparison of the original and Amended Petitions shows that

3

Grounds Two and Four of the Amended Petition are new, as they were not raised in the original Petition. Ground Five, alleging ineffective assistance of trial counsel, also differs in that Petitioner failed to set forth any specific allegations of ineffectiveness in the original Petition, although he attempted to do so with his proposed amended petition, which was stricken by the Court. However, in his Reply (Doc. #10) to Respondent's original Response (Doc. #8), Petitioner identified the particular allegations of ineffective assistance for which he was seeking relief. Ground Five of the Amended Petition contains those specific allegations of ineffectiveness.

Because Petitioner raises two claims in his Amended Petition which were not included in his original Petition, Respondent contests the timeliness of the two new claims. Respondent also argues that the barebones allegation of "ineffective assistance" in the original Petition was insufficient to render the amended claims of ineffective assistance timely, arguing that the specific allegations of ineffective assistance did not relate back to the original, timely-filed Petition. However, Petitioner's Reply (Doc. #8) did identify the specific allegations of ineffective assistance and that Reply was filed within the one-year time limitation under AEDPA. The Court agrees with Respondent as to the untimeliness of the two new claims (Grounds 2 and 4), but finds the ineffective assistance claims were timely raised and will be addressed on the

4

merits.

## II.

Because Petitioner filed his Petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003); Maharaj v. Sec'y of Dept. of Corrections, 304 F.3d 1345, 1346 (11th Cir. 2002). The AEDPA "establishes a more deferential standard of review of state habeas judgments," Fugate v. Head, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

## A.

A § 2254 application cannot be granted unless a petitioner has exhausted the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)(A); Baldwin v. Reese, 541 U.S. 27, 29 (2004). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See also Henderson, 353 F.3d at 891; Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a

state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin, 541 U.S at 29, citing Duncan v. Henry, 513 U.S. 364, 365-66 (1995) and O'Sullivan, 526 U.S. at 845.

Section 2254(a) allows the court to grant habeas corpus relief to a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." In other words, federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68(1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); Wainwright v. Goode, 464 U.S. 78(1983); Barclay v. Florida, 463 U.S. 939, 958-659(1983)("Mere errors of state law are not the concern of this court ... unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); Engle v. Isaac, 456 U.S. 107 (1981); Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (a habeas petition grounded on issues of state law provides no basis for habeas relief); Carrizales v. Wainwright, 699 F.2d 1053 (11th Cir. 1983). Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is

6

involved." <u>Tejada v. Dugger</u>, 941 F.2d 1551 (11th Cir.1991)(quoting <u>Carrizales</u>, supra). State law issues may be reviewed in this federal forum only when the alleged errors were "so critical or important to the outcome of the [proceeding] to render the entire [proceeding] fundamentally unfair." <u>Tejada</u>, 941 F.2d at 1560. The Supreme Court "ha[s] defined the category of infractions that violate 'fundamental fairness' very narrowly." <u>Estelle</u>, 502 U.S. at 352.

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." <u>Smith v. Jones</u>, 256 F.3d 1135, 1138 (11th Cir. 2001). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." <u>Smith v. Jones</u>, 256 F.3d at 1138. "A state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1302 (11th Cir.1999).

A procedural default will only be excused in two narrow circumstances. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the

default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. Henderson, 353 F.3d at 892; Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995). To show "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. Henderson, 353 F.3d at 892. Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Henderson, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson, 353 F.3d at 892. "[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." See Snowden, 135 F.3d at 736.

**B.**

Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

8

> (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); <u>Price v. Vincent</u>, 538 U.S. 634, 638-639 (2003); <u>Clark v. Crosby</u>, 335 F.3d 1303, 1308 (11th Cir. 2003), <u>cert. denied</u>, 540 U.S. 1155(2004); <u>Harrell v. Butterworth</u>, 251 F.3d 926, 930 (11th Cir. 2001).

"Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71-72 (2003). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. <u>Mitchell v. Esparza</u>, 540 U.S. 12, 17(2003); <u>Clark</u>, 335 F.3d at 1308-10; <u>Washington v. Crosby</u>, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is contrary to the clearly established precedent of the Supreme Court "'(1) if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or (2) if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent.' <u>Bottoson v. Moore</u>, 234 F.3d 526, 531

(11th Cir.2000) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 406, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000)).” <u>Stephens v. Hall</u> 2005 WL 1006924, *4 (11th Cir. May 2, 2005). <u>See also</u> <u>Vincent</u>, 538 U.S. at 639; <u>Andrade</u>, 538 U.S. at 75-77.  A state court decision does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent.  <u>Early v. Parker</u>, 537 U.S. 3, 8 (2002); <u>Esparza</u>, 540 U.S. at 16; <u>Parker v. Secy of Dept. of Corrections</u>, 331 F.3d 764, 775-76 (11th Cir. 2003), <u>cert. denied</u>, 540 U.S. 1222 (2004).

A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate’s case; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply; or unreasonably refuses to extend that principle to a new context where it should apply.  <u>Bottoson</u>, 234 F.3d at 531.  The “unreasonable application” inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable.  <u>Andrade</u>, 538 U.S. at 75-77; <u>Williams</u>, 529 U.S. at 409-10; <u>Penry v. Johnson</u>, 532 U.S. 782, 793; <u>Woodford v. Visciotti</u> 537 U.S. 19, 25 (2002); <u>Esparza</u>, 540 U.S. at 17-18; <u>Vincent</u>, 538 U.S. at 639.

**III.**

**A. Grounds One, Two, and Three:**

Grounds One, Two, and Three of the Amended Petition are denied because they cannot be reviewed.  Each was raised on direct appeal at the state court level, but only in terms of state rights violations–not as violations of any federal constitutional rights.

In Ground One, Petitioner alleges the trial court erred in admitting the victim's hearsay statements under the excited utterance exception to Florida's hearsay rule.  This issue was raised on direct appeal and as the first ground in the original Petition and the Amended Petition. Petitioner is not entitled to relief from this Court because he is complaining about a state evidentiary issue which does not rise to the level of a federal constitutional violation. He also failed to phrase this allegation in terms of a federal constitutional violation at the state court level and therefore the constitutional claim is unexhausted and procedurally defaulted.

In Ground Two, Petitioner claims the trial court erred in not dismissing the kidnaping count. He contends the prosecutor failed to prove the existence of "confinement" as provided in the Florida kidnaping statute. Respondent argues this claim, which was not presented in the original Petition, is time-barred. Time-bar notwithstanding, as with Ground One, Petitioner fails to raise a federal constitutional question.  The Court agrees with Respondent

that this ground is time-barred, having been added after the one year time limitation under AEDPA had expired, and in the alternative, alleges only a breach of state statutory construction.

In Ground Three, which appears to be the same argument raised in Ground Four of the original Petition, Petitioner contends a prior inconsistent statement is insufficient to sustain a conviction absent any other substantive evidence of guilt. Petitioner raised this issue on direct appeal as a state law matter only. (Exhibit 1, pp. 12-14). As in Grounds One and Two of the Amended Petition, Petitioner failed to raise a federal constitutional issue at the state level and raises only a state law issue herein, despite his reference to the Fifth and Fourteenth Amendments to the U.S. Constitution. The "limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." Branan v. Booth, 861 F.2d at 1508 (citations omitted). See also Johnson v. Rosemeyer, 117 F.3d 104, 110 (3rd Cir.1997) ("[e]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause.").

## B. Ground Four: Actual innocence

In Ground Four, Petitioner asserts a claim of actual innocence. This claim was not raised in the original Petition, and it is difficult to determine whether Petitioner includes this allegation in the Amended Petition as a substantive claim or for

purposes of avoiding a procedural bar or the federal time bar. (See Doc. #16, pp. 13-15). If Petitioner is attempting to raise actual innocence as a substantive claim, then the new ground for relief is time-barred. To the extent that Petitioner may be alleging a "miscarriage of justice" exception to any procedural bars, his argument is without merit. The Supreme Court in <u>Herrera v. Collins</u>, 506 U.S. 390 (1993) held that a claim of actual innocence based on newly discovered evidence is not a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. The Supreme Court notes that "[t]his rule is grounded on the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution– not to correct errors of fact." <u>Id</u>. at 400.

## C. Ground 5 : **Ineffective assistance of counsel**

In Ground Five, Petitioner alleges his trial counsel was ineffective because he (1) failed to present a viable defense and (2) failed to introduce favorable evidence for the defense before the jury. Petitioner first contends his counsel should have included pretrial statements of the victim that she fell asleep after the sexual assault as evidence in defense counsel's argument against admission of the excited utterance hearsay statement of the victim. In the second allegation, which resembles the first claim of ineffective assistance, Petitioner alleges his attorney was

13

ineffective for failing to utilize the victim's June 1, 1999 pretrial deposition in his defense at trial. These allegations both fault defense counsel for failing to introduce the victim's deposition testimony. These allegations were raised as various claims of ineffective assistance in Petitioner's Rule 3.850 motion for postconviction relief and denied on the merits.

Petitioner, in his Rule 3.850 motion (Doc. #6, p. 4), cited to Strickland v. Washington[3] as the standard to be employed in reviewing his claims of ineffective assistance. Relying upon the Strickland standard, the trial court rejected Petitioner's claims as follows:

> 7. The first issue of ground one is the Defendant's claim that trial counsel was ineffective for failing to secure a defense. Specifically, the Defendant contends that he informed counsel of his "actual/factual innocence" and that he provided counsel with the facts, evidence, and names of witnesses in support, which counsel failed to investigate.
>
> 8. The Defendant fails to set forth the identity of the prospective witnesses, the substance of the witnesses' testimony, and an explanation as to how the omission of the testimony prejudiced the outcome. Odom v. State, 770 So. 2d 195 (Fla. 2d DCA 2000). Similarly, the Defendant does not provide any further information as to the facts and evidence that counsel failed to investigate. Catis v. State 741 So. 2d 1140 (Fla. 4th DCA 1998). Therefore, the Court finds issue one of ground one facially insufficient.
>
> . . .
>
> 11. The third issue of ground one is the Defendant's allegation that trial counsel refused to enter favorable evidence which in all probability would have rendered him

---

[3]Strickland v. Washington, 466 U.S. 668 (1984).

not guilty.

    . . .

14.   Based on the foregoing, the Court finds that Ms.
Matthews' trial testimony was essentially consistent with
her statements at the June 1, 1999 deposition.  On both
occasions, Ms. Matthews maintained that the Defendant was
not    the    individual    who    committed    the    crimes.
Consequently, the Court finds that the Defendant has
failed    to    demonstrate    any    deficiency    and    resulting
prejudice from trial counsel's failure to introduce the
deposition at trial or that the deposition would have
been admissible.

...

15.  As to the Defendant's claim that Ms.  Matthews' June
1, 1999 deposition would have shown that her statements
made    after    the    incident    were    made    after    time    for
reflection, and thus, there was no excited utterance by
her,    the    Court    finds    that    the    Defendant    fails    to
specifically identify the excited utterance (i.e., Ms.
Matthews' statements) or demonstrate how the deposition
would    have    been    admissible.    In    any    event,    the    record
reveals that Defendant's trial counsel objected to Ms.
Matthews' statements based on the argument that there was
"time    for    reflection."    .    .    .    Further,    the    issue    was
raised on direct appeal and is, therefore, procedurally
barred.

(Doc. #9, Exhibit 9, pp.  2-6).

    It is evident that the correct standard was used in evaluating

Petitioner's claims of ineffective assistance.  The next issue to

be addressed is whether the state court's adjudication of the

issues was contrary to <u>Strickland</u>.  In <u>Strickland</u>, the Supreme

Court established a two-part test for determining whether a

convicted person is entitled to habeas relief on the ground that

his or her counsel rendered ineffective assistance: (1) whether

counsel's representation was deficient, i.e., "fell below an

15

objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687-88; see also Wiggins v. Smith, 123 S.Ct. 2527 (2003); Williams v. Taylor, 529 U.S. 362 (2000). The Supreme Court has required a petitioner to make sufficient factual allegations of both Strickland prongs in order to be entitled to federal habeas relief.  E.g., Hill v. Lockhart, 474 U.S. 52 (1985).

Petitioner has not shown either deficient performance or prejudice. The state court's determination that trial counsel had not provided ineffective assistance of counsel was not contrary to established federal law, was not objectively unreasonable, and was not based on an unreasonable determination of the facts in light of the evidence presented at the Rule 3.850 proceeding.

Accordingly, it is now

**ORDERED**:

Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus is **DENIED**.  The Clerk is directed to enter judgment

accordingly, terminate any pending motions, and close this file.

**DONE AND ORDERED** at Ft. Myers, Florida on this __9th__ day of
May, 2005.


_____
JOHN E. STEELE
United States District Judge


Copies to:
Petitioner
Respondent
SA/as